UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Kenneth L. Martin,

    Plaintiff

v.

NAPH Care, et al.,

    Defendants

Case No.: 2:19-cv-02007-JAD-BNW

**Order Screening Amended Complaint and Denying Motion**

**[ECF No. 4]**

Plaintiff Kenneth L. Martin brings this civil-rights action under 42 U.S.C. § 1983, claiming that his right to medical care was violated when medical staff failed to properly treat his stroke during his detention at the Clark County Detention Center ("CCDC"). Because Martin applies to proceed *in forma pauperis*,[1] I screen his complaint under 28 U.S.C. § 1915A.

Martin has filed both an initial complaint[2] and a first amended complaint ("FAC").[3] In the FAC, Martin seeks to incorporate all the allegations in his original complaint and include additional allegations.[4] Martin cannot piecemeal together the operative complaint from multiple filings. Martin's operative complaint must contain all claims, defendants, and factual allegations that Martin wishes to pursue in this lawsuit. So I do not accept Plaintiff's amended complaint as the operative complaint in this case. However, in the interest of judicial efficiency, I will discuss deficiencies in both the original complaint and the FAC, and I will give Martin leave to file complete second amended complaint curing those deficiencies by April 1, 2021.

---

[1] ECF No. 6.
[2] ECF No. 1-1.
[3] ECF No. 7.
[4] *Id.* at 3–7.

# Background

**A.     Plaintiff's factual allegations[5]**

In June 2019, Martin was a detainee at CCDC.[6] He alleges that on June 20, 2019, he had a stroke and was unable to move or speak. Medical personnel employed by NAPH Care examined him, told him that he was fine, and confined him to bed for 48 hours. After four days, Martin was taken to medical to see a doctor who told Martin that he was fine.

Following Martin's visit to the doctor, Martin was able to call his mother, who then called the jail and "raised hell." That night, Martin was taken to the hospital and informed that he had suffered a stroke. They told him that the damage had sat for too long and there was no longer anything they could do.[7] Martin was taken back to CCDC, where he was given only two sessions of physical therapy and then all treatment was discontinued.

In the FAC, Martin alleges that Eric, a PA; Jerica and Stephanie, who are RNs; and Jasmine and Cindy, who are LPNs were present at CCDC when he suffered his stroke.[8] Martin also alleges that sergeants Wilson, Lauderdale, and Weir, as well as officers Sloan, Solitcraft, and Perkins were present when Martin suffered his stroke. Martin alleges that since he suffered his stroke, CCDC and Well Path, which provides medical treatment at CCDC, have been indifferent to his pain and suffering.[9] Martin claims that he has been denied proper medication due to a policy of CCDC and Well Path.

---

[5] These facts are merely a summary of the plaintiff's allegations and are not intended as findings of fact. I first summarize the allegations in the original complaint, followed by the additional facts alleged in the FAC.

[6] ECF No. 1-1 at 3.

[7] *Id.* at 4.

[8] ECF No. 7 at 2.

[9] *Id.* at 5.

**B.     Plaintiff's causes of action**

Based on these events, in his initial complaint, Martin sues NAPH Care, Well Path LLC, Lombardi, and CCDC, alleging that they violated his right to proper medical treatment.[10] In the FAC, Martin adds claims against eleven individuals who were present when he suffered his stroke.[11] Pretrial detainees may raise inadequate-medical-care claims under the Fourteenth Amendment's Due Process Clause,[12] and I liberally construe the complaint to assert a claim of inadequate medical care under the Fourteenth Amendment. Martin seeks damages and injunctive relief.[13]

## Discussion

**A.     Screening standard**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or an officer or employee of a governmental entity.[14] In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.[15] All or part of the complaint may be dismissed *sua sponte* if the prisoner's claims lack an arguable basis in law or fact. This includes claims based on legal conclusions that are untenable, like claims against defendants who are

---

[10] ECF No. 1-1 at 1–2.

[11] ECF No. 7 at 2.

[12] *Gordon v. Cty. of Orange*, 888 F.3d 1118, 1124 (9th Cir. 2018).

[13] ECF No. 1-1 at 9. Martin states that Robert D. Dunn assisted him with preparing the complaint.

[14] *See* 28 U.S.C. § 1915A(a).

[15] *See* 28 U.S.C. § 1915A(b)(1)(2).

3

immune from suit or claims of infringement of a legal interest which clearly does not exist, as well as claims based on fanciful factual allegations or fantastic or delusional scenarios.[16]

Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief.[17] In making this determination, the court takes all allegations of material fact as true and construes them in the light most favorable to the plaintiff.[18] Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers,[19] but a plaintiff must provide more than mere labels and conclusions.[20] "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations."[21] "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[22]

**B.  Analysis of Martin's claims**

   *1.  Claims against CCDC are not cognizable.*

Martin cannot sue the CCDC. The statute that allows inmates like Martin to bring civil-rights actions like this one—42 U.S.C. § 1983—authorizes suits against a "person" acting under the color of state law only. As a result, courts routinely hold that jails and prisons are not

---

[16] *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

[17] *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).

[18] *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).

[19] *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (recognizing that pro se pleadings must be liberally construed).

[20] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[21] *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

[22] *Id*.

persons who can be sued under § 1983.[23]  Because CCDC is a building, not a person who can act or be sued, I dismiss with prejudice the claims against it because amendment would be futile.

### 2. *Plaintiff fails to state a claim against Lombardi.*

Martin appears to attempt to hold Lombardi liable based on his position as the sheriff. But a defendant is liable under 42 U.S.C. § 1983 "only upon a showing of personal participation by the defendant."[24]  "A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations or knew of the violations and failed to act to prevent them. There is no respondeat superior liability under [§]1983."[25]  Martin does not allege that Lombardi participated in or directed the failure to properly treat his stroke. Nor does Martin allege that Lombardi knew of the failure to treat his stroke and failed to act to correct the issue. The complaint thus fails to state a colorable claim against Lombardi, and I dismiss him from this case without prejudice.

### 3. *Plaintiff does not state a claim against any of the other defendants.*

The FAC includes the names of 11 individuals whom Martin alleges were present when he suffered his stroke, but it does not include any factual allegations about any of those individuals that would suggest they are liable for his claims. Martin cannot simply hold

---

[23] *See, e.g.*, *Smith v. Charleston Cty.*, 2019 WL 2870406, at *1 (D.S.C. June 11, 2019) ("Courts have routinely held that inanimate objects such as buildings, facilities, and grounds, such as the Sheriff Al Cannon Detention Center, do not act under color of state law and are not a 'person' subject to suit under § 1983."); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the [Pembroke County Jail] is not a person amenable to suit."). *See also Allison v. California Adult Authority*, 419F.2d 822, 823 (9th Cir. 1969) (California Adult Authority and San Quentin prison not "persons" subject to suit under § 1983).

[24] *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

[25] *Id.*; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (holding that "[b]ecause vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").

everyone present collectively liable for an alleged failure to properly treat his medical issues. Rather, Martin must allege the specific actions that each individual took, or failed to take, that Martin believes violated his constitutional rights.

### 4. *Plaintiff fails to state a claim against NAPH Care or Well Path LLC.*

"For purposes of claims brought under § 1983, a private entity like Naphcare is treated as a municipality" and is subject to the rules and standards developed by the United States Supreme Court in *Monell v. Dep't of Soc. Servs. of City of New York*.[26] To make out a claim against a private entity under *Monell*, a plaintiff must show that (1) the private entity acted under color of state law, and (2) if a constitutional violation occurred, the violation was caused by an official policy or custom of the private entity.[27] Based on the allegations in the FAC, Well Path LLC, like NAPH Care, is a private entity that provides medical care at CCDC and is subject to *Monell*.

Martin does not allege that the initial failure to treat his stroke was the result of an official policy or custom of NAPH Care. Martin vaguely suggests that, since his stroke, he has not received medication because of a policy of Well Path, but he does not articulate what this policy is. It is not sufficient for Martin to state in conclusory fashion that he has not received medication due to a Well Path policy. Rather, Martin must specifically describe what the policy is and how it led to the violation. Because he has not, Martin fails to state a colorable claim against either of these defendants, so I dismiss them from this action without prejudice.

---

[26] *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). *See Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1139 (9th Cir. 2012) (holding that "the requirements of *Monell* do apply to suits against private entities under § 1983").

[27] *Tsao*, 698 F.3d at 1139.

### 5. *The standard for stating a claim for inadequate medical treatment.*

For Martin's benefit in preparing any amended complaint, I note that courts evaluate Fourteenth Amendment claims of inadequate medical treatment under an objective, deliberate-indifference standard.[28] The elements of a pretrial detainee's Fourteenth Amendment inadequate medical care claim are:

> the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries."[29]

The third element requires the defendant's conduct to be "objectively unreasonable," a test that turns on the facts and circumstances of each particular case.[30] A plaintiff must "prove more than negligence but less than subjective intent—something akin to reckless disregard."[31] So "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment . . . . Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."[32] Thus, if Martin chooses to file a second amended complaint, he must allege more than negligence to state a valid claim.

---

[28] *Gordon*, 888 F.3d at 1125.
[29] *Id.*
[30] *Id.*
[31] *Id.*
[32] *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

**C.     Applications to proceed in forma pauperis [ECF Nos. 4, 6]**

Martin has filed two applications to proceed in forma pauperis.[33]  I deny Martin's initial motion for leave to proceed in forma pauperis (ECF No. 4) as moot because it is superseded by his second application (ECF No. 6).  I defer a decision on Martin's second motion to proceed in forma pauperis until after it is determined whether Martin has successfully amended his complaint to state a colorable claim.

**D.     Leave to amend**

Martin is granted leave to file a second amended complaint for his claim of inadequate medical care under the Fourteenth Amendment.  If Martin chooses to file a second amended complaint, he is advised that a second amended complaint supersedes (replaces) the original complaint and the FAC, so the second amended complaint must be complete in itself.[34]  He must file the second amended complaint on this court's approved prisoner-civil-rights form, and it must be entitled "Second Amended Complaint."  Martin must follow the instructions on the form.  He need not and should not allege very many facts in the "nature of the case" section of the form.  Rather, in each count, he should allege <u>facts</u> sufficient to show what <u>each</u> defendant specifically did to violate his civil rights.  **He must file the amended complaint by April 1, 2021.**

---

[33] ECF Nos 4, 6.

[34] *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal).

**Conclusion**

IT IS THEREFORE ORDERED that the Clerk of the Court is directed to **FILE** the complaint (ECF No. 1-1).

IT IS FURTHER ORDERED that plaintiff's initial application to proceed *in forma pauperis* **[ECF No. 4] is DENIED** as moot.

IT IS FURTHER ORDERED that plaintiff's claim of inadequate medical treatment under the Fourteenth Amendment is DISMISSED without prejudice and with leave to amend by April 1, 2021.

IT IS FURTHER ORDERED that **the Clerk of the Court is directed to SEND** plaintiff the approved form for filing a § 1983 prisoner complaint, instructions for the same, and a copy of his original complaint (ECF No. 1-1) and the FAC (ECF No. 7).  If plaintiff chooses to file a second amended complaint, he must use the approved form and he must write the words "Second Amended" above the words "Civil Rights Complaint" in the caption.  The second amended complaint will be screened in a separate screening order, and **the screening process will take many months**.  **If Martin does not file an amended complaint, by April 1, 2021, this action will be dismissed with prejudice for failure to state a claim.**

Dated: February 3, 2021

_____
U.S. District Judge Jennifer A. Dorsey